**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4268**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JASON T. SCOTT,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge.  (8:10-cr-00031-PJM-1)

_____

Submitted:  March 6, 2025                              Decided:  March 13, 2025

_____

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Allen H. Orenberg, THE ORENBERG LAW FIRM, PC, Potomac, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Jason D. Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In July 2011, a jury convicted Jason T. Scott for three counts of carjacking, in violation of 18 U.S.C. § 2119 (Counts 1, 3, and 5); brandishing a firearm during the commission of those carjackings, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 2, 4, and 6); stealing firearms from a licensed firearms dealer and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 922(u) (Count 7); sexual exploitation of a minor by production of a sexually explicit image, in violation of 18 U.S.C. § 2251(a) (Count 8); brandishing a firearm during the commission of the sexual exploitation of a minor, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 9); possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (Count 10); and possession of an unregistered silencer, in violation of 26 U.S.C. § 5861(d) (Count 11).

The district court originally sentenced Scott to a total term of 1,200 months' (or 100 years') imprisonment, consisting of: a 60-month sentence for Count 7; concurrent 120-month sentences for Counts 10 and 11; concurrent 180-month sentences for Counts 1, 3, and 5; a concurrent 216-month sentence for Count 8; a consecutive 84-month sentence for Count 2; and consecutive 300-month sentences for Counts 4, 6, and 9. At the time, the statute prescribed a consecutive 7-year (or 84-month) sentence for the first § 924(c) brandishing conviction (Count 4) and consecutive 25-year (or 300-month) sentences for any second or subsequent § 924(c) convictions in the same prosecution (Counts 4, 6, and 9). *See* 18 U.S.C. § 924(c)(1)(A)(ii), (C)(i) (2012). We affirmed, rejecting Scott's challenges to his convictions. *United States v. Scott*, 531 F. App'x 283 (4th Cir. 2013) (No. 12-4130) (argued but unpublished).

2

Thereafter, Scott filed a 28 U.S.C. § 2255 motion arguing that his conviction for Count 9 should be vacated because sexual exploitation of a minor no longer qualifies as a crime of violence after *United States v. Davis*, 588 U.S. 445, 470 (2019), which invalidated § 924(c)'s residual clause.  The district court granted the motion, vacated Count 9, and resentenced Scott to 900 months' (or 75 years' imprisonment), consisting of: a 60-month sentence for Count 7; concurrent 120-month sentences for Counts 10 and 11; concurrent 180-month sentences for Counts 1, 3, and 5; a 216-month sentence for Count 8; a consecutive 84-month sentence for Count 2; and consecutive 300-month sentences for Counts 4 and 6.

On appeal, Scott argued that the district court should have applied § 403 of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, 5221-22, which eliminated stacked § 924(c) sentences such that the enhanced 25-year penalty for second and successive § 924(c) convictions applies only when a prior § 924(c) conviction has become final.  Scott averred that this provision of the First Step Act meant that the statutory minimum for Counts 4 and 6—his second and third § 924(c) convictions—was a consecutive term of seven years' imprisonment, instead of the consecutive 25-year term imposed by the court.  The Government agreed that § 403 of the First Step Act should have been applied and, therefore, moved to remand the case for resentencing.  We granted the motion.  *United States v. Scott*, No. 21-4532 (4th Cir. Sept. 23, 2022) (unpublished order).

On remand, the district court recognized that the statutory minimum for Counts 4 and 6 had been reduced but decided to reimpose the 75-year sentence after hearing from the parties and considering the 18 U.S.C. § 3553(a) factors.  Scott now challenges the

3

procedural and substantive reasonableness of his upward variant 75-year sentence. We affirm.

We review a criminal sentence for reasonableness "under the deferential abuse-of-discretion standard." *United States v. Dominguez*, 128 F.4th 226, 237 (4th Cir. 2025). When "conducting this review, we first consider whether the district court committed any significant procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* If we find no procedural error, we "consider[] the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *Id.* (internal quotation marks omitted).

Scott argues that his sentence is procedurally unreasonable because the district court failed to adequately explain why it reimposed 25-year sentences for Counts 4 and 6, instead of the seven-year statutory minimum sentences prescribed by the First Step Act. "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "As part of this individualized assessment, the district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (cleaned up). "Although the district court's explanation need not be elaborate or lengthy, when a district court's chosen sentence varies from the Guidelines range, we must be convinced that it gave serious

4

consideration to the extent of the departure." *United States v. Davis*, ___ F.4th ___, ___, No. 23-4174, 2025 WL 628334, at \*4 (4th Cir. Feb. 27, 2025) (internal quotation marks omitted). "Further, we do not evaluate a court's sentencing statements in a vacuum but may discern the court's rationale from the context surrounding its explanation." *United States v. Gaspar*, 123 F.4th 178, 183 (4th Cir. 2024) (cleaned up).

Initially, we agree with the Government that the district court was not obligated to explain each sentence for each count in this multi-count case. Rather, the court was required to explain why the overall sentence was appropriate in light of the § 3553(a) factors and why it rejected Scott's arguments for a lesser sentence. *Cf. United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (explaining that district courts should employ a "holistic approach . . . when sentencing a defendant convicted of multiple offenses").

And the district court did just that. While Scott criticizes the court for comparing his crime spree to a tsunami, this was an apt analogy: Scott terrorized the Prince George's County community by invading people's homes, holding them at gunpoint, stealing valuable items, and, in one instance, sexually assaulting a minor female. As the district court explained, the offenses were very serious and the number of victims was overwhelming. It is apparent that the court wanted to ensure that the overall sentence reflected the harm caused to each of the victims, promoted respect for the law, and deterred Scott from engaging in additional criminal conduct. To that end, the court explained that an upward variance was appropriate because the Guidelines did not reflect the seriousness of Scott's offenses and the enduring harm suffered by the victims. The court chose to

reimpose the 75-year sentence after reflecting on these and other § 3553(a) factors and considering Scott's arguments for a lesser sentence.

Notably, the same district court that reimposed the 75-year sentence heard the evidence at trial, listened to the victims' testimony, and imposed the original 100-year sentence. And, during the original sentencing hearing, the court explained that a lengthy sentence was appropriate because the community was outraged and because Scott seemed to enjoy his notoriety as one of the worst criminals in the history of Prince George's County, which suggested that Scott had little potential for rehabilitation. Those sentiments are relevant to Scott's history and characteristics and the need to promote respect for the law, to protect the public, and to deter Scott from engaging in additional criminal conduct. Importantly, the court referenced its statements at the original sentencing hearing during the resentencing hearing, and, as the Government emphasized, nothing about the offense conduct or Scott's character changed between the two hearings.

Finally, we find no merit to Scott's contention that the district court's sentencing explanation was not individualized. While the court used some generic language, that language applied to Scott, and the court was clear in its robust explanation that his conduct required nothing less than a 75-year sentence. *See United States v. Williams*, 5 F.4th 500, 510 (4th Cir. 2021) (explaining that "generic recitations of the statutory sentencing goals" can serve an "explanatory function" so long as they are accompanied by an "individualized explanation for the sentence as a whole in light of the unique facts and circumstances of [the defendant's] case").

6

Finding no procedural error, we turn to Scott's challenges to the substantive reasonableness of his sentence. "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (internal quotation marks omitted). "Where, as here, the sentence imposed is outside the advisory Guidelines range, [we] consider[] whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range," according "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Dominguez*, 128 F.4th at 237-38 (internal quotation marks omitted). "Variant sentences are generally reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *Davis*, ___ F.4th at ___, 2025 WL 628334, at *11 (cleaned up).

Scott first argues that his sentence is substantively unreasonable because the district court considered an improper factor—that is, his two state murder convictions. We recognize that the district court asked about the state court convictions sua sponte. But we find no evidence that the only justification for the upward variance was the court's desire to punish Scott for the state murder convictions. To the contrary, the court's intent to impose a lengthy sentence for the federal offense conduct can be discerned from its comments during the original and resentencing hearings. The court repeatedly emphasized the harm to the victims during Scott's reign of terror in Prince George's County, and it is clear that the court wanted to ensure that Scott would not be released back into that

7

community in his lifetime.  When explaining its sentence, the court focused on the federal offense conduct and, as the Government observes, the court specifically disclaimed any consideration of the state sentences.

Next, Scott argues that his sentence is substantively unreasonable because the district court failed to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  Scott maintains that his 75-year sentence is excessive because defendants who have been convicted of murder are sentenced to less time.

Initially, the district court did in fact consider Scott's argument that a 75-year sentence is greater than sentences imposed on some murderers.  But the court rejected that argument because it did not know all of the facts of those cases, including the reasons for the guilty pleas.  Thus, the court could not do what § 3553(a)(6) directs—that is, "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6); *see United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022) ("[I]ndividuals who opt to go to trial are not similarly situated to those who plead guilty and cooperate with the government for purposes of § 3553(a)(6).").

Not being presented with a proper comparator, the district court focused on the victims in Scott's case and found the number of victims and the harm perpetrated upon them overwhelming.  Indeed, the court's comments suggest that Scott was in a league of his own, as one of the worst criminals that Prince George's County had ever seen.  And we conclude that the court acted well within its discretion by weighing the harms to the victims

8

and the seriousness of the offenses more heavily than the sentences of murderers in unrelated cases. *See United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.").

Scott's final argument is that his de facto life sentence is substantively unreasonable because it is greater than necessary to achieve the purposes of sentencing. In support, Scott emphasizes that Congress, through the First Step Act, lowered the mandatory minimum sentences for § 924(c) convictions by removing the stacking provision.

Although the district court varied upward by 36 years, we conclude that it did not abuse its discretion in doing so. Scott contends that this sentence is too harsh for carjackings, home invasions, burglaries, and sexual assault. But we conclude that the sentence was reasonable considering Scott's lack of remorse and the significant, unprecedented harm Scott inflicted upon the victims and the community. *See United States v. Friend*, 2 F.4th 369, 382 (4th Cir. 2021) (finding 52-year sentence imposed on teenage defendant substantively reasonable because of, among other factors, the "enduring harms defendant inflicted on the victims and their families"). If the court thought that Scott could be rehabilitated, perhaps a sentence essentially condemning him to die in prison would be too harsh. But the court found no evidence that Scott could be rehabilitated and, as the Government emphasizes, the court was intimately familiar with the facts, including Scott's character. Finally, that Congress generally disapproves of stacked sentences for § 924(c) convictions in the same prosecution does not mean that those sentences are not sometimes appropriate. Had Congress wanted to limit the court's discretion, it could have

9

mandated a maximum term of seven years' imprisonment.  But, as it is, the maximum sentence for even one § 924(c) conviction is life imprisonment.

Because Scott's sentence is both procedurally and substantively reasonable, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*